UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISAEL PEREZ-MENDEZ,<br><br>Petitioner<br><br>v.<br><br>WARDEN, CALIFORNIA CITY<br>CORRECTIONAL CENTER, et al.,<br><br>Respondents. | No. 2:26-cv-01272-DAD-AC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT<br><br>(Doc. Nos. 1, 2) |

On April 2, 2026, petitioner Misael Perez-Mendez, A File-No. 209-076-453, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner requests his immediate release, or in the alternative, a bond hearing before an immigration judge ("IJ"), and reasonable attorney's fees. (*Id.* at 8–9.) Also on April 2, 2026, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) That same day, the court set a briefing schedule on the motion for temporary restraining order and directed respondents to substantively address whether any provision of law or fact in this case would distinguish it from the situations addressed in this court's decisions in *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), *J.P.C. v.*

1

*Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026), and other similar cases previously decided by this court.  (Doc. No. 4.)

On April 6, 2026, respondents filed a combined opposition to petitioner's motion for temporary restraining order and a motion to dismiss the petition for writ of habeas corpus.  (Doc. No. 6.)  Therein, respondents concede that, "there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order." (*Id.* at 1.)  Respondents state that they are not opposed to the court converting the motion for temporary restraining order into a motion for preliminary injunction.  (*Id.*)  Respondents also suggest that, if the court is inclined to grant a preliminary injunction, judicial economy favors the court entering a final judgement on the merits of the petition.  (*Id.*)  Respondents do not request a hearing and do not intend to file additional briefing.  (*Id.*)

Respondents state that petitioner entered the United States in April 2016 as an unaccompanied juvenile, and was detained by immigration authorities from April 25, 2016, to May 26, 2016.  (Doc. Nos. 6 at 1–2, 6-1 at 2–3.)  Petitioner states that he entered the United States in 2017.  (Doc. No. 1 at 4–5.)  Petitioner was born March 14, 2001.  (Doc. No. 6-1 at 1.)  Petitioner would have been 15 or 16 years old when he entered the United States, and thus a juvenile, regardless of whether he entered this country in 2016 or 2017.  Petitioner was re-detained on November 15, 2025.  (Doc. Nos. 1 at 4–5; 6-2 at 2.)  Respondents state that petitioner was arrested for DUI on November 15, 2025, and that the case is still pending.[1]  (Doc. No. 6-2 at 2.)  However, respondents do not argue that petitioner's arrest on November 15, 2025, justifies his current detention, nor do they argue that the arrest was a violation of petitioner's release conditions.  (*See* Doc. No. 6.)  Rather, respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A).  (Doc. No. 6 at 2.)

If petitioner entered the United States as an unaccompanied juvenile, he would be covered by the Trafficking Victims Protection Reauthorization Act ("TVPRA"), which does not require mandatory detention, but instead requires, "that the Secretary of Homeland Security consider the

---

[1]  Petitioner states that he does not have any pending criminal charges but admits to a prior conviction for driving under the influence which he states is closed.  (Doc. No. 1 at 4–5, 11.)

2

'least restrictive placement' available for those who turn 18 and are transferred to its custody, and consider alternatives to detention." *Guaman-Pinto v. Achambeault, et al.*, No. 26-cv-01716-JES-BLM, 2026 WL 849302, at *2 (S.D. Cal. Mar. 27, 2026) (citing 8 U.S.C. § 1232(c)(1)). A person who entered the United States and is determined to be an unaccompanied juvenile is not subject to mandatory detention pursuant to § 1225(b)(2)(A). *See Cornejo v. Andrews*, No. 1:25-cv-02062-JLT-HBK, 2026 WL 237748, at *5–7 (E.D. Cal. Jan. 29, 2026) (finding the petitioner was not subject to mandatory detention under § 1225(b)(2)(A) when he was previously designated as an "unaccompanied alien child" pursuant to § 1232(b)(3)).

Based on petitioner's age at the time he entered the United States and respondent's determination that he entered as an unaccompanied juvenile, it appears that petitioner cannot be detained pursuant to § 1225(b)(2)(A).

Further, even if petitioner did not enter the United States as an unaccompanied juvenile, this court has previously found that, "the initial decision to release [a] petitioner under § 1226(a) precludes the government from later switch[ing] tracks to subject him to mandatory detention under § 1225(b)(2) . . . ." *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK, 2025 WL 3485221, at *3 (E.D. Cal. Dec. 4, 2025) (internal quotation marks omitted).

Based on the foregoing, the court concludes that petitioner cannot be detained pursuant to § 1225(b)(2). Respondents have not argued that petitioner may be detained pursuant to any other detention authority. (*See* Doc. No. 6.) The court incorporates its reasoning set forth in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR, 2026 WL 785871, at *1 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129, at *2 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy is petitioner's immediate release.

For the reasons explained above:

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner Misael Perez-Mendez, A File-No. 209-076-453, from respondents' custody;

/////

3

       b.     Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

       c.     Petitioner's request for attorney's fees is DENIED without prejudice to bringing a properly noticed and supported motion;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order granting habeas relief;

3. The Clerk of the Court is directed to serve this order on the California City Detention Center; and

4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:  **April 7, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4